Justice LEE,
concurring in part and concurring in the judgment:
152 I concur in the majority's opinion affirming the district court's admission of gang-related evidence and rejecting Gonza-leg's constitutional challenge to the gang enhancement statute. I also agree with the ultimate disposition of Gonzaleg's challenge to the sufficiency of the evidence (affir-mance). I write separately, however, because I find Gonzaleg's argument on that point unpreserved, and would not reach its merits.
(53 Under our preservation doctrine, we do not reach the merits of an argument on appeal unless the appellant "(1) specifically raise[d] the issue [in the trial court], (2) in a timely manner, and (8) support[ed] the claim with evidence and relevant legal authority." Salt Lake City Corp. v. Jordan River Restoration Network, 2012 UT 84, ¶ 27, 299 P.3d 990 (emphasis added) (internal quotation marks omitted). The majority concedes that "Gonzalez did not specifically argue that the State failed to meet its burden of showing that he had not acted in self-defense" in his directed verdiet motion. Supra ¶ 25 (emphasis added). Yet the court asserts that the trial court was "necessarily" aware that this was the basis of the motion because Gonzalez's theory of the case was self-defense, and on that basis concludes that the matter was preserved. Supra ¶ 26.
154 I disagree. At the close of the evidence, defense counsel moved for a directed verdict on these grounds:
[The State has]} not met fits] burden in establishing that this was knowingly, intentionally done ..., that Mr. Gonzalez intended to cause serious bodily injury and committed an act clearly dangerous to human life causing the death, that he acted under circumstances evidencing a depraved indifference to human life, knowingly engaged in conduct which ereated a grave risk of death to another, thereby causing the death of another. None of those elements have been met with the evidence that has come over the last couple of days.
(Emphasis added). Gonzalez's motion was about mens rea. Neither the motion nor the State's response had anything to do with self-defense. The State's response to the motion was along the same lines. In the prosecution's words, "when you stab somebody seven times, especially if it's in the torso and the face ... you're intending to cause serious bodily injury death or evidencing a depraved indifference."
T 55 Both parties' arguments thus centered on the issue of mens rea, and said nothing of self-defense. The trial court accordingly did not have a "meaningful opportunity" to address the issue. Hill v. Superior Property Mgmt. Servs. Inc., 2013 UT 60, ¶ 46, 321 P.3d 1054. I would affirm on that basis, without reaching the merits of the sufficiency of the evidence argument.